**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1948
_____

United States of America,      *
                               *
          Appellee,            *
                               *
                               Appeal from the United States
     v.                        *
District Court for the
                               *
Northern District of Iowa.
Scott Bush,                         *
                               *
   [UNPUBLISHED]
          Appellant.           *

_____

                         Submitted:  September 2, 1997

                              Filed: September 9,
1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

     Scott Bush appeals the 60-month sentence imposed by
the district court[1] after he pleaded guilty to conspiring
to distribute and possess with intent to distribute

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern
District of Iowa.

cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. For reversal, Bush argues that the district court erred in attributing over 100 kilograms of marijuana to him, thus subjecting him to a mandatory minimum sentence of 60 months pursuant

to section 841(b)(1)(B).  We affirm.

The district court based its drug quantity determination on the sentencing testimony of a Drug Enforcement Administration (DEA) agent who interviewed Bush.  According to the agent, Bush admitted he had received 5 to 10 pounds of marijuana per week for a year from one of his connections.  The district court explicitly stated it credited the agent's testimony and found not credible Bush's contrary testimony that he received only 80 pounds total.  We thus conclude that the district court did not clearly err in attributing more than 100 kilograms to Bush.  See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (standard of review; district court's findings as to witness credibility in making drug quantity determination are virtually unreviewable on appeal).

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.